Jane D. MULLINGS, Relator,

v.

Hon. James MORGAN, Judge, Respondent.

No. 11–94–055–CR.

Court of Appeals of Texas, Eastland.

Dec. 29, 1994.

**16** ■

Christopher Till, Comanche, for appellant.

Andy McMullen, Dist. Atty., Hamilton, for appellee.

## OPINION

PER CURIAM.

This is an original proceeding. The issue before this court is whether a trial court can order the sale of a specific asset under TEX. CODE CRIM.PRO.ANN. art. 26.05(e) (Vernon 1989). We hold that the trial court cannot and conditionally grant relator's writ of mandamus.

Relator has been convicted of 23 counts of misapplication of funds by a fiduciary and 72 counts of commercial bribery and has perfected an appeal, which is currently pending as our Cause No. 11–94–050–CR. Relator was represented by retained counsel at trial; however, relator filed a motion for appointment of counsel on appeal after her convictions. The trial court conducted a hearing on relator's motion and determined that relator was without "sufficient assets to use in paying all costs of appellate counsel and record" but that she did have "an asset which could be sold and the proceeds applied to payment of counsel on appeal." On March 3, 1994, the trial court appointed counsel to represent relator on appeal and ordered that

relator sell her 1987 Oldsmobile for a fair and reasonable price and pay the proceeds from the sale into the registry of the trial court.

On April 21, 1994, the trial court conducted a hearing on relator's motion for new trial. At the conclusion of the hearing, the State inquired about "the progress in the sale of the vehicle." When the trial court attempted to conduct a hearing on the matter, the following occurred:

[RELATOR'S COUNSEL]: Your Honor, I would object to this proceeding and the fact that I had no notice it was going to be done, also object to any testimony that my client be giving, object to anything she—

THE COURT: Counsel, that's fine. If you don't want to put on any testimony I'll issue a summary order that the car be delivered to the Sheriff's Office and title signed over, it's so ordered, by five o'clock today.

The hearing concluded, and the trial court signed an order the same day that relator:

[D]eliver the 1987 Oldsmobile together with the keys and properly endorsed title to the Sheriff of Comanche County, Texas, who is ordered to sell the car at a properly advertised Sheriff's sale and deposit the net proceeds thereof into the registry of this court.

Relator seeks a writ of mandamus directing the trial court to vacate the portion of its March 3 order dealing with the sale of her car.

■ Article 26.05(e) provides that:

If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay the *amount* that it finds the defendant is able to pay. (Emphasis added)

While it authorizes the trial court to order a defendant to pay a specific amount to offset the cost of legal services provided, Article 26.05(e) does not authorize the sale of a *specific* asset to offset costs and does not provide that a defendant can be ordered to deliver an asset for a forced sale to offset

costs. The trial court had no authority to provide in its March 3 order that relator sell her only unencumbered asset and that she pay the proceeds from the sale into the registry of the court. Further, the trial court had no authority to order on April 21 that relator deliver the vehicle, title, and keys to the sheriff.

Relator has established that she has no other adequate remedies at law and that under the relevant law and facts she has a clear legal right to the relief she seeks; therefore, mandamus is the appropriate relief. *Lanford v. Fourteenth Court of Appeals,* 847 S.W.2d 581 (Tex.Cr.App.1993); *Dickens v. Court of Appeals for the Second Supreme Judicial District of Texas,* 727 S.W.2d 542 (Tex.Cr.App.1987).

The writ of mandamus is conditionally granted. In the event that the trial court does not vacate that portion of its March 3 order providing that relator sell her 1987 Oldsmobile and pay the proceeds from the sale into the registry of the trial court, does not vacate its April 21 order concerning the delivery and sheriff's sale of the vehicle, and does not enter an order that the vehicle together with the keys and title be returned to relator, a writ of mandamus shall issue.